UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10247
Summary Calendar

_____


ALISE KAPLAN,

Plaintiff-Appellant,

versus

CITY OF ARLINGTON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
01-CV-134

_____

September 12, 2002


Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alise Kaplan appeals from the district court's grant of summary judgment for the defendant, the City of Arlington. For the following reasons, the judgment is AFFIRMED.

**Title VII retaliation.** The dispositive question is whether Kaplan's filing of internal grievances constitute protected activity under Title VII. We have long held that an employee's conduct in opposition to what she sincerely believes are unlawful

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

employment practices may be so disruptive or inappropriate as to fall outside the scope of protected activity. See, e.g., Douglas v. DynMcDermott Petroleum Operations Co., 144 F.3d 364, 372-74 (5th Cir. 1998). The tone of Kaplan's grievances is unprofessional, to put it mildly. Kaplan frequently complained of minor inconveniences that she believed were part of a campaign of "methodical persecution," and her memoranda are replete with personal attacks on her co-workers and supervisors. Having read the grievances included in the record, and comparing the facts of this case to Fifth Circuit precedent, we hold that Kaplan's grievances (in terms of tone, content, and frequency) were so unreasonable under the circumstances that, as a matter of law, her actions cannot be deemed "protected activity" under Title VII.

**Due process.** Kaplan contends that the district court erred in granting the City's Rule 12(c) motion for judgment on the pleadings on her due process claim. In a § 1983 action against a municipality, the plaintiff must plead facts showing a policy or custom that was the motivating force for a constitutional violation. See Spiller v. City of Texas City Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997). Because Kaplan failed to plead such facts, her due process claims under § 1983 were properly dismissed.

**AFFIRMED.**